IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SAMUEL MENEFIELD, #162291, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15cv312-MHT |
| | ) | (WO) |
| CARTER F. DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed by James Samuel Menefield ("Menefield") on May 8, 2015. *Doc. No. 1.* Menefield challenges his guilty plea conviction for cocaine possession and the resulting life sentence (as a habitual felony offender) imposed against him in March 2000 by the Circuit Court of Lee County, Alabama.[1]

---

[1] Menefield was indicted for trafficking in cocaine, unlawful possession of marijuana, unlawful possession of Dihydrocodeinone and unlawful possession of Pentacocine. Facing a possible sentence of life without parole if convicted on the charges as indicted, Menefield entered into plea negotiations with the State. As a result of these negotiations, a plea agreement was entered in which Menefield agreed to plead guilty to possession of cocaine, a lesser included offense of the trafficking charge, with a recommendation by the State that the trial court impose a sentence of life imprisonment. The State agreed to nol prosse the remaining charges against Menefield. As part of the plea agreement, Menefield stipulated to having three prior felony convictions. The prior convictions were referenced in a notice of intent to offer prior convictions filed by the State, and certified copies of the convictions were attached to this notice. *See Menefield v. Nagle, et al.*, Civil Action No 3:02cv870-WHA, Doc. No. 29 at 1-2 n.1.

## II.  DISCUSSION

Menefield claims that the trial court was without jurisdiction to impose sentence because, he says, his life sentence exceeded the maximum authorized by state law and because the State failed to "properly invoke the Habitual Offender Act."  *Doc. No 1* at 5-10; *Doc. No. 1-1* at 2 & 9.  He also claims that the trial court misinformed him during his guilty plea proceedings of the correct minimum and maximum sentence he faced.  *Id.*

The records of this court indicate that in December 2006 Menefield filed a previous petition for habeas corpus relief under 28 U.S.C. § 2254 challenging the same conviction and life sentence entered against him in March 2000 by the Circuit Court of Lee County.  *See Menefield v. Nagle, et al.*, Civil Action No. 3:02cv870-WHA, Doc. No. 1.  In that previous habeas action, this court denied Menefield relief and dismissed the case with prejudice.[2]  *See id.*, Doc. Nos. 29, 33 & 34.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the

---

[2] After Menefield sought an appeal from the denial of his first § 2254 petition, the Eleventh Circuit denied his motion for a certificate of appealability.  *See* Docket Sheet in *Menefield v. Nagle, et al.*, Civil Action No. 3:02cv870-WHA, Doc. Nos. 38 & 39.

2

assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3]  28 U.S.C. § 2244(b)(3)(B) & (C).

It does not appear from the pleadings that Menefield has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Menefield] had no permission from [the

---

[3] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id*. at 934.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Menefield be DENIED.

2. This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3)(A), as Menefield has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before June 2, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of May, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE